BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 26 1974

PATRICIA S. HOWARD
CLERK OF THE PANEL

IN RE SCIENTIFIC CONTROL )
CORPORATION SECURITIES LITIGATION ) DOCKET NO. 157

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    This litigation consists of three actions against Merrill Lynch, Pierce, Fenner & Smith, Inc. in three different districts: the Northern District of Texas, the Southern District of New York and the Western District of Kentucky. The complaints in these actions contain allegations that Merrill Lynch violated the anti-fraud provisions of the federal securities laws by recommending and selling the common stock of Scientific Control Corporation. Plaintiffs in the Texas and New York actions purport to represent a nationwide class composed of all persons who purchased Scientific common stock from Merrill Lynch; plaintiffs in the Kentucky action purport to represent a class of persons who purchased the stock from Merrill Lynch's Louisville office.

    Plaintiffs in the Texas action initially moved the Panel for an order transferring all actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Defendant Merrill Lynch filed a cross-motion to transfer the actions to the Northern District of Texas. The Texas plaintiffs later withdrew their

---
  * Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

motion before the Panel because they had filed a motion to dismiss their Texas action.[1] In light of the pendency of Merrill Lynch's cross-motion, however, the Texas plaintiffs maintain the position that this litigation belongs in the Southern District of New York. Plaintiffs in the New York and Kentucky actions also favor transfer of all actions to the Southern District of New York. We find that all three actions involve common questions of fact and that their transfer to the Southern District of New York under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All parties agree that these actions are virtually identical and that they should be transferred to a single district pursuant to Section 1407 in order to avoid duplicative discovery and inconsistent Rule 23 class determinations and other pretrial rulings. The only disputed issue is the selection of the appropriate transferee forum.

In favoring the Northern District of Texas, defendant Merrill Lynch argues that the allegations in these actions focus on Scientific's financial condition and Merrill Lynch's knowledge thereof during the period that Merrill Lynch was recommending the stock. It contends that the records and personnel relevant to these matters are located at Scientific's home office in the Northern District of Texas. Plaintiffs, on the other hand, favor

---

[1] Plaintiffs' motion to dismiss has been opposed by Merrill Lynch but has not been submitted to the Texas court for decision. Inasmuch as the Texas action is still pending, we perceive no reason to delay our decision to transfer that action to New York under Section 1407. The transferee judge may rule upon plaintiffs' motion once it has been fully presented for decision.

the Southern District of New York and assert that this litigation centers around the activities at Merrill Lynch's headquarters in New York.

We conclude that the Southern District of New York is the most appropriate transferee forum. Merrill Lynch is the <u>only</u> defendant in each action and it is clear that plaintiffs' discovery will focus primarily upon defendant's documents and witnesses located in New York City. And the New York court has moved steadily with the pretrial of the action pending there and, as a result, the New York action is at a more advanced stage than either the Kentucky or Texas actions.

In addition, when a determination pursuant to 28 U.S.C. §1404(a) has preceded our decision under Section 1407, we have often shown deference to the district judge's decision. <u>See</u>, e.g., <u>In re Hanover, New Hampshire, Air Disaster Litigation</u>, 314 F. Supp. 60, 63 (J.P.M.L. 1970); <u>In re Master Key Antitrust Litigation</u>, 320 F. Supp. 1404, 1406 (J.P.M.L. 1971); <u>In re Yarn Processing Patent Validity Litigation</u>, 341 F. Supp. 376, 381-82 (J.P.M.L. 1972). In the context of this litigation, Judge Harold R. Tyler, Jr. has denied two motions by Merrill Lynch to transfer the New York action to the Northern District of Texas under Section 1404(a). In his second ruling, Judge Tyler emphasized that:

> (T)he focus of this action is upon the
> internal workings, knowledge and repre-
> sentations of Merrill Lynch in New York
> City. New York is Merrill Lynch's
> principal place of business, the situs
> of its securities research division and
> its "computer booth", that section of
> the research division plaintiffs allege
> to have been charged with the investigation
> of Scientific and responsible for Merrill
> Lynch policy recommending Scientific to
> its customers after facts were available
> to it as to Scientific's unfortunate
> condition. Key witnesses, therefore,
> are New York based.
>
> Mascolo v. Merrill Lynch, Pierce, Fenner
> & Smith, Inc., CCH FED. SEC. L. REP.
> ¶94,054, at 94,248 (S.D.N.Y. July 6, 1973).

Furthermore, the Securities and Exchange Commission has commenced an administrative proceeding against Merrill Lynch in New York which involves allegations of misconduct similar to those asserted by the private plaintiffs in this litigation. The possibility of coordinating the plaintiffs' discovery and the SEC investigation to ensure a just and expeditious resolution of the charges against Merrill Lynch and minimize the inconvenience to its witnesses is also a factor favoring the Southern District of New York as the transferee district.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Harold R. Tyler, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action listed on Schedule A which is already pending in that district.

SCHEDULE A                                                DOCKET NO. 157

### NORTHERN DISTRICT OF TEXAS

Kenneth F. Reilly, et al. v. Merrill Lynch        Civil Action
Pierce, Fenner & Smith, Inc.                      No. CA-3-6130-E

### SOUTHERN DISTRICT OF NEW YORK

Delfino P. Mascolo, et al. v. Merrill Lynch,      Civil Action
Pierce, Fenner & Smith, Inc.                      No. 72 Civ. 3292

### WESTERN DISTRICT OF KENTUCKY

Max G. Baumgardener, et al. v. Merrill Lynch,     Civil Action
Pierce, Fenner & Smith, Inc.                      No. 7803-A